

FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 11:18 am, Nov 18, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

HERMAN WILLIAMS, III,

      Plaintiff,

v.

ASSISTANT WARDEN STONE, et al., all in their individual and official capacities,

      Defendants.

CIVIL ACTION NO.: 5:19-cv-25

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's official capacity claims for monetary damages against all Defendants and **DENY** Plaintiff's claims for preliminary injunctive relief.

However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following claims by separate Order:

1.      Plaintiff's deliberate indifference to serious medical needs claim against Defendants Bell, Brown, Clemons, Foster, Grady[1] (Classification Supervisor/Manager), Grady (Segregation Supervisor), Grady (Transport/Escort), Graham, Jones, Lowther, Pickens, Steele, Stone, Thomas, Waters, Wilkes, and Williams; and

---

[1]     Plaintiff identifies three different Defendants named Grady, with varying job titles in his Complaint.  Doc. 1.  To the extent there are three separate Defendants named Grady, each in the role Plaintiff described, each should be served.  Additionally, I **DIRECT** the Court of Clerk to add Defendant Foster and Defendant Grady (Transport/Escort) to the record and docket of this case.

      2.      Plaintiff's retaliation claims against Defendants Bell, Clemons, Grady (Classifications Supervisor/Manager), Graham, Jones, Lowther, Waters, and Williams.

## PLAINTIFF'S CLAIMS[2]

Plaintiff has a chronic shoulder injury, which is documented in his inmate profile, that requires him to be assigned a bottom bunk. Doc. 1 at 10. After returning from suicide prevention watch, the committee responsible for determining where Plaintiff should be housed—consisting of Defendants Grady (Classification Supervisor/Manager), Jones, Lowther, Graham, Clemons, Brown, and Thomas—assigned him to a top bunk, despite their knowledge of his injury and limitations. Id. at 10–11. After being assigned a top bunk, Plaintiff complained to several prison staff officials, including Defendants Grady (Segregation Supervisor), Grady (Transport/Escort), Waters, Foster, and Lowther. Id. at 11–12. Plaintiff continued to try to rectify the situation after his verbal pleas failed through other measures, including writing letters to Defendants Stone, Wilkes, Grady (Classification Supervisor/Manger), and Jones, speaking with Defendants Stone, and Lowther, and filing grievances. Id. at 13–14, 17.

Plaintiff fell from his assigned top bunk, seriously injuring himself, on more than one occasion. Id. at 12. Plaintiff requested medical attention for his first fall, and Defendant Pickens initially ignored his requests. Id. Defendant Bell also ignored Plaintiff's first two health services requests after falling. Id. at 14. Plaintiff continued to seek a remedy to his bunk situation, including after a trip to suicide watch, but Defendants Grady (Classification Supervisor/Manager), Waters, Stone, Wilkes, Grady, Thomas, Lowther, and Jones continued to ignore his re-assignment requests. Id. at 17. Plaintiff was later sent to segregation, and upon his

---

[2] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

return to general population, Defendants Clemons, Lowther, Graham, and Grady (Classification Supervisor/Manager) again assigned him to a top bunk, telling Plaintiff he could return to the segregation unit or occupy the assigned bunk. Id. at 20. Plaintiff alleges all the named Defendants personally ignored Plaintiff's serious medical needs, leading to his injuries, and continued chronic pain as a result of his assignment to a top bunk. See id. at 11–20.

Plaintiff also claims to have experienced retaliation for filing his grievances relating to his bunk assignment. Id. at 13. Defendants Jones and Waters threatened Plaintiff after he submitted his first grievance. Id. at 13, 15. Additionally, Defendants Waters and Bell withheld medical treatment in retaliation for filing grievances. Id. at 15. In continuing the retaliation, Defendant Lowther placed Plaintiff on suicide watch without justification. Id. at 16. After returning from suicide watch, Defendants Jones, Graham, and Williams filed a false disciplinary report that placed Plaintiff in segregation in retaliation for filing his grievances. Id. at 18–19, 21. As relief for his injuries, Plaintiff seeks both monetary compensation and injunctive relief. Id. at 22.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520

(1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

### I. Official Capacity Claims

Plaintiff is suing all Defendants in both their individual and official capacities. Doc. 1. Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983. Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Georgia Department of Corrections. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Accordingly, the Eleventh Amendment

4

immunizes Defendants from suit for monetary damages in their official capacities.  Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief.  However, to the extent Plaintiff successfully states a constitutional claim, he may seek injunctive relief against any Defendant in his official capacity.  Ex parte Young, 209 U.S. 123, 148–50 (1908).  Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

## II.     Claims for Injunctive Relief

Plaintiff seeks injunctive relief in the form of medical treatment and mental health treatment.  Doc. 1 at 22.  Additionally, Plaintiff seeks the termination of Defendants Jones, Waters, Graham, Grady (Classification Supervisor/Manager), and Lowther, as well as transfer to Coffee Correctional Facility.  Id.  It is unclear whether this relief is in the form of preliminary injunctive relief.  To the extent Plaintiff seeks preliminary injunctive relief, I **RECOMMEND** the Court **DENY** such relief.

To be entitled to a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest.  Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005).  In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites."  Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).  If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief

5

must be no broader than necessary to remedy the constitutional violation." Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982).  Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration, unless there is a clear abuse of discretion.  See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989).  In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and a less intrusive equitable remedy was available).

Plaintiff has not shown he has satisfied the prerequisites in order to be entitled to injunctive relief at this time.  At this early stage, Plaintiff has not shown the requisite likelihood of success on the merits of his claims.  Moreover, Plaintiff fails to show that injunctive relief is necessary to prevent irreparable injury.  This is not to say that Plaintiff will not eventually be able to obtain injunctive relief, merely that the Court will not interfere at this time on the facts before it.  Accordingly, the Court should **DENY** Plaintiff's request for injunctive relief.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's official capacity claims for monetary damages against all Defendants and **DENY** Plaintiff's claims for injunctive relief.

However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following claims by separate Order:

1. Plaintiff's deliberate indifference to serious medical needs claim against Defendants Bell, Brown, Clemons, Foster, Grady (Classification Supervisor/Manager), Grady (Segregation Supervisor), Grady (Transport/Escort), Graham, Jones, Lowther, Pickens, Steele, Stone, Thomas, Waters, Wilkes, and Williams; and

2. Plaintiff's retaliation claims against Defendants Bell, Clemons, Grady (Classifications Supervisor/Manager), Graham, Jones, Lowther, Waters, and Williams

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by

7

or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 18th day of November, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA